[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT ALLEN GAGNE'S MOTION TO DISMISS
FACTUAL BACKGROUND
On May 2, 1989, by Deputy Sheriff, the plaintiffs Gregory Dunn and Duane Legister served a four-count complaint upon the defendants, Avis Rent A Car System, Inc. (Avis) and Horace Green, seeking recovery for injuries plaintiffs allegedly sustained when a car in which they were passengers and owned by Avis and operated by Green collided with a car operated by Alfred Gagne, Jr., on July 30, 1988.
On September 21, 1989, the defendants Avis and Green moved, pursuant to General Statutes 52-102, that the plaintiff be ordered to cite as an additional defendant Alfred Gagne, Jr., "in CT Page 1889 order that a complete assessment of the percentage of responsibility of all parties to the action be made pursuant to Connecticut General Statutes 52-572h." This motion was granted by the court, Hale, J., on October 30, 1989. Some time before October 30, 1989, however, Gagne had entered into a settlement agreement with the plaintiffs. The plaintiffs therefore filed a Motion for Clarification on January 17, 1990, requesting the court to clarify its Order by acknowledging the release of Gagne.
The court's order acknowledged the following language:
 The Court having considered the Plaintiff's Motion for Clarification, the Order of the Court dated October 30, 1989, Hale, J. is hereby clarified as follows: Pursuant to the Motion to Cite in Additional Defendant filed by the Defendants herein, which Motion was dated September 18, 1989, and in light of the fact that the Plaintiffs herein have released from liability the proposed additional Defendant referenced in said Motion, Alfred Gagne, Jr., this Court finds that the presence of the proposed Defendant is necessitated by the provisions of Connecticut General Statutes 52-572h, and the Plaintiffs herein are hereby Ordered to amend their Complaint and issue a Writ of Summons and Complaint causing the said proposed Defendant, Alfred Gagne, Jr., to become a Defendant in the above-captioned matter.
In compliance with the order of the court, Hale, J., the plaintiffs filed a substituted complaint dated April 17, 1990, in which the plaintiffs added fifth and sixth counts directed against Gagne. Defendant Gagne has now moved, pursuant to Practice Book 142, et seq., to dismiss the action against Gagne on the ground that the court lacks personal jurisdiction over Gagne because the cause of action against Gagne has been settled and therefore extinguished. Gagne has filed a supporting memorandum of law. Defendant Avis has filed a memorandum of law in opposition to defendant Gagne's motion to dismiss, in which Avis contends that Gagne must be a party to the law suit for purposes of determining the relative negligence of each party involved in accordance with General Statutes 52-572h.
LAW AND CONCLUSION
 Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. (Citations omitted)
Breen v. Phelps, 186 Conn. 86, 99 (1982). "A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." Id.
The order of the court, Hale, J., directing the plaintiffs to cite in Gagne as a defendant is the law of the case. Gagne's Motion to Dismiss is essentially raising the same issue that the court, Hale, J., addressed when it acknowledged in the plaintiffs' Motion for Clarification that Gagne, a released party, is necessary for a full determination of the issues pursuant to General Statutes 52-572h.
Accordingly, the defendant Gagne's Motion to Dismiss must be and is denied.
Freed, J. CT Page 1890